LEVY *v.* PARKER, WARDEN, ET AL.

Decided August 2, 1969

*Charles Morgan, Jr., Reber F. Boult, Jr., Morris Brown, Henry W. Sawyer III, Anthony G. Amsterdam, Alan H. Levine, Eleanor Holmes Norton,* and *Melvin L. Wulf* on the application.

*Solicitor General Griswold* in opposition.

MR. JUSTICE DOUGLAS.

Applicant has been sentenced to three years' imprisonment after conviction of one charge each for violating Articles 90, 133, and 134 of the Uniform Code of Military Justice, 10 U. S. C. §§ 890, 933, 934. He has exhausted all of his military remedies and has now filed a petition for a writ of habeas corpus in the District Court for the Middle District of Pennsylvania. He seeks release on bail pending determination of the merits. The District Court, the Court of Appeals, and the Circuit Justice, MR. JUSTICE BRENNAN, have each denied bail. This application to me therefore carries a special burden, for we very seldom grant an order that has been denied

by the Circuit Justice. Indeed the practice is to refer such renewed application to the full Conference of this Court. We are now in recess and widely scattered; hence referral to the Conference is not immediately possible.

Some of the problems tendered seem substantial to me. One charge on which applicant stands convicted rests on Article 134 which makes a crime "all disorders and neglects to the prejudice of good order and discipline in the armed forces." In *O'Callahan* v. *Parker*, 395 U. S. 258, which the lower courts did not have before them when they denied bail, we reserved decision on whether Article 134 satisfies the standards of vagueness required by due process. Apart from the question of vagueness is the question of First Amendment rights. While in the Armed Services, applicant spoke out against the war in Vietnam. The extent to which First Amendment rights available to civilians are not available to servicemen is a new and pressing problem.

It is true that applicant's sentence will expire on August 14, 1969. But in light of *Carafas* v. *LaVallee*, 391 U. S. 234, I would not think that the running of the sentence would moot the petition for habeas corpus. A live controversy will continue; and I have concluded that this applicant should be released on bail until the full Court can pass on the application. For, in my view, substantial issues are presented on the merits.

The applicant, Howard B. Levy, is hereby ordered admitted to bail pending final determination of this application by the full Court when it convenes October 6, 1969.

Bail is hereby fixed in the following amount: $1,000.

Ordered this the 2d day of August, 1969.