William L. CALLEY, Jr., Petitioner-Appellee,

v.

Howard H. CALLAWAY, etc., et al., etc., Respondents-Appellants.

No. 74-2285.

United States Court of Appeals,
Fifth Circuit.

July 19, 1974.

William Schloth, U. S. Atty., Charles T. Erion, Asst. U. S. Atty., Macon, Ga., Arnold Anderson Vickery, Dept. of the Army, David P. Schulingkamp, Washington, D. C., for respondents-appellants.

Kenneth M. Henson, Columbus, Ga., J. Houston Gordon, Covington, Tenn., G. W. Latimer, Salt Lake City, Utah, for petitioner-appellee.

PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

(Opinion June 13, 1974, 5 Cir., 1974, 496 F.2d 701).

Before BROWN, Chief Judge, and WISDOM, GEWIN, BELL, THORNBERRY, COLEMAN, GOLDBERG, AINSWORTH, GODBOLD, DYER, SIMPSON, MORGAN, CLARK and RONEY, Circuit Judges.*

PER CURIAM:

The Court having been polled at the request of one of the members of the Court and a majority of the Circuit Judges who are in regular active service not having voted in favor of it, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.

BELL and MORGAN, Circuit Judges (dissenting):

We respectfully dissent from the failure of the court to hear this matter en banc. It involves no more than a question of bail but that is a significant question to the defendant and, moreover,

---

* Judge Gee did not participate in the consideration or decision of this case.

to the orderly administration of justice in the district courts.

Our effort to have this matter considered en banc became futile when the original panel denied rehearing before a vote could be had on the en banc motion and relief was then denied by the Circuit Justice. The mandate was issued immediately and the army thereupon placed the defendant in the Ft. Benning stockade on the eve of his federal habeas hearing where he remained for several days until he was transferred to Ft. Leavenworth at the completion of the habeas hearing.

It is well settled that the grant of bail is a matter for the trial judge in the exercise of his sound discretion. In our judgment the trial judge here did not remotely abuse his discretion in admitting the defendant to bail pending his habeas hearing in the district court. Substantial issues were pending in that matter and defendant had served a substantial portion of his sentence. See Levy v. Parker, 396 U.S. 1204, 90 S.Ct. 1, 24 L.Ed.2d 25, 396 U.S. 804, 90 S.Ct. 47, 24 L.Ed.2d 60 (1969).

Defendant's troubles with the military law arose out of an incident in a combat situation on a foreign field where he had been placed by his country. We would take care to see that one in such circumstances is accorded procedural due process and the equal protection of the law. We fear that the opposite has occurred. The federal law provides for bail to persons in capital cases in the discretion of the district judge. Title 18, U.S. C.A. § 3148. This principle was recently employed in this court in admitting a Georgia state prisoner to bail pending a federal habeas appeal. The defendant there had been twice convicted of murdering a state prosecutor and he was released on bail in this court after the federal district court had denied bail. For a history of that case, see Park v. Huff, 5 Cir., 1974, 493 F.2d 923, rehearing en banc granted June 17, 1974.

It was somewhat unusual to relegate the defendant here, following an expedited proceeding in this court at the behest of the army, to the stockade just at the time when the doors of the federal courts were opened to him. This court is not an adjunct of the army nor an institution serving at its beck and call. The unusual haste on the part of the army is untoward indeed when one considers that of all involved in the My Lai incident, the sole conviction was that of Lt. Calley. The way of redemption for the army is not served by a lack of magnanimity in affording procedural due process nor in zeal in aborting the processes of the United States district courts while they are in the exercise of their habeas corpus jurisdiction.

It would have been little enough to allow bail pending completion of the habeas hearing or to have returned the defendant to the house arrest status, a status he had occupied for some three years.

COLEMAN, Circuit Judge:

I would like the record to show that I voted for rehearing en banc in this case.