635 F.2d 291
 1980 O.S.H.D. (CCH) P 24,938
 MONTEREY COAL COMPANY, Petitioner,
v.
FEDERAL MINE SAFETY AND HEALTH REVIEW COMMISSION, Respondent.
United Mine Workers of America, Intervenors.
Secretary of Labor, Intervenor.
Climax Molybdenum Co., Amicus Curiae.
Association of Bituminous Contractors, Inc., Amicus Curiae.
American Mining Congress, Amicus Curiae.
 No. 79-1827.
 United States Court of Appeals,
Fourth Circuit.
 Argued Oct. 8, 1980.
Decided Nov. 17, 1980.
 
 Timothy M. Biddle, Washington, D. C. (Thomas C. Means, Crowell & Moring, John F. Buergler, Washington, D. C., on brief), for petitioner Monterey Coal Co.
 Judith N. Macaluso, U. S. Dept. of Labor, Washington, D. C. (Carin Ann Clauss, Sol. of Labor, Morell E. Mullins, Associate Sol., Cynthia L. Attwood, Appellate Litigation, Washington, D. C., on brief), for intervenor Secretary of Labor.
 Harrison Combs, Mary Lu Jordan, Marilyn Townsend, Washington, D. C., on brief, for intervenor United Mine Workers of America.
 W. Michael Hackett, Amax Inc. Law Dept., on brief, for amicus curiae Climax Molybdenum Co.
 Henry Chajet, Washington, D. C., Michael F. Duffy, Washington, D. C., on brief, for amicus curiae American Mining Congress.
 William H. Howe, Timothy J. Parsons, Loomis, Owen, Fellman & Howe, Washington, D. C., on brief, for amicus curiae Association of Bituminous Contractors, Inc.
 Before BUTZNER, RUSSELL and MURNAGHAN, Circuit Judges.
 BUTZNER, Circuit Judge:
 
 
 1
 This petition for review is from an order of the Federal Mine Safety and Health Review Commission reversing an administrative law judge's decision that the Mine Safety and Health Administration unjustifiedly cited Monterey Coal Company, a mine owner, instead of Frontier-Kemper Constructors, an independent contractor, for safety violations at a mine construction site. The Commission remanded the case to the administrative law judge for further proceedings to determine whether the alleged violations occurred.
 
 
 2
 Monterey petitioned under § 106(a)(1) of the Federal Mine Safety and Health Act of 1977, 30 U.S.C. § 816(a)(1) (1980 Supp.), for review of the Commission's decision. The Secretary of Labor moved to dismiss the petition on the ground that a remand order is not a reviewable final order. We conclude that the petition for review is premature and grant the motion to dismiss.
 
 
 3
 The Act grants "(a)ny person adversely affected or aggrieved by an order of the Commission" review in a court of appeals. 30 U.S.C. § 816(a)(1) (1980 Supp.). A related provision, § 816(b), states: "The Secretary may also obtain review or enforcement of any final order of the Commission by filing a petition for such relief in the United States court of appeals ...." The Senate report explains: "Persons adversely affected by the Commission's final order may obtain a review of such order in any appropriate U. S. court of appeals. The Secretary may also obtain review or enforcement of any final order to (sic) the Commission in any appropriate U. S. court of appeals." S.Rep.No.95-181, 95th Cong., 1st Sess., at 13 (1977), U.S.Code Cong. & Admin.News 1977, pp. 3401, 3413, reprinted in Senate Subcommittee on Labor, Committee on Human Resources, 95th Cong., 2d Sess., Legislative History of The Federal Mine Safety and Health Act of 1977, at 601. The statute, amplified by this legislative history, demonstrates congressional intent that only final Commission orders should be reviewed. Our conclusion is consistent with orders of two other courts of appeals that have dismissed as premature petitions for review of the Commission's remand orders.[1]
 
 
 4
 We have previously decided that an order of remand in an enforcement proceeding is not a reviewable final order. See Fieldcrest Mills, Inc. v. Occupational Safety and Health Review Commission, 545 F.2d 1384 (4th Cir. 1976).[2] Here, as in Fieldcrest, Monterey has not exhausted its administrative remedies. Monterey has not yet been found liable for any violation of the Act. During proceedings on remand, Monterey will have the opportunity to contest the existence of the alleged violations. The decision of the Commission that Monterey is a proper respondent is a preliminary step in the final disposition of this case on its merits.
 
 
 5
 Bituminous Coal Operators' Association v. Secretary of Interior, 547 F.2d 240 (4th Cir. 1977), does not require a contrary result. That case, an appeal from a declaratory judgment of a district court, upheld the Secretary's authority, under an earlier version of the Act, to cite coal mine operators and construction companies for violations of the Act. Jurisdiction was not predicated on 30 U.S.C. § 816(a)(1). Instead, the jurisdictional question involved the propriety of pre-enforcement review in accordance with the criteria explained in Abbott Laboratories v. Gardner, 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967).
 
 
 6
 The petition is dismissed without prejudice to Monterey's right to seek review of the issue raised if it is aggrieved by the Commission's final order.
 
 
 7
 DISMISSED.
 
 
 
 [1]
 Canterbury Coal Co. v. Secretary of Labor, No. 80-1834 (D.C.Cir. Sept. 29, 1980); Richardson v. Secretary of Labor, No. 79-3059 (6th Cir. March 19, 1979)
 
 
 [2]
 The provisions for judicial review found in the Occupational Safety and Health Act, 29 U.S.C. § 660(a) and (b), which governed Fieldcrest, are virtually identical to those in the Federal Mine Safety and Health Act, 30 U.S.C. § 816(a)(1) and (b), which govern this appeal