**CAROLINA POWER AND LIGHT
COMPANY, Petitioner,**

v.

**UNITED STATES DEPARTMENT
OF LABOR, Respondent,**

**James DeBose, Intervenor.**

**No. 94–1459.**

United States Court of Appeals,
Fourth Circuit.

Argued Sept. 27, 1994.

Decided Jan. 10, 1995.

**ARGUED:** Richard Kenneth Walker, Streich Lang, P.A., Phoenix, AZ, for petitioner. Edward Dean Sieger, Senior Appellate Atty., U.S. Dept. of Labor, Washington, DC, for respondent. Stephen Martin Kohn, Kohn, Kohn & Colapinto, P.C., Washington, DC, for intervenor. **ON BRIEF:** Thomas D. Arn, Elliot S. Isaac, Streich Lang, P.A., Phoenix, AZ; Rosemary G. Kenyon, Carolina Power & Light Co., Raleigh, NC, for petitioner. Thomas S. Williamson, Jr., Sol. of Labor, Allen H. Feldman, Associate Sol. for Special Appellate and Supreme Court Litigation, Steven J. Mandel, Deputy Associate Sol., U.S. Dept. of Labor, Washington, DC, for respondent.

Before ERVIN, Chief Judge, WILLIAMS, Circuit Judge, and CHASANOW, United States District Judge for the District of Maryland, sitting by designation.

Dismissed for lack of jurisdiction by published opinion. Judge WILLIAMS wrote the opinion, in which Chief Judge ERVIN and Judge CHASANOW joined.

**OPINION**

WILLIAMS, Circuit Judge:

This is an appeal from an order of the Secretary of Labor remanding to the Administrative Law Judge for further negotiation a settlement agreement entered into under § 211 of the Energy Reorganization Act (ERA), 42 U.S.C.A. § 5851 (West 1983 & Supp.1994).[1] Section 211 gives absolute immunity from on-the-job retaliation to "whistleblowing" employees who report safety violations of their employers to the Nuclear Regulatory Commission. In October 1991, James B. DeBose filed a complaint pursuant to § 211 with the Department of Labor against his employer, Carolina Power and Light (CP & L), claiming that CP & L had demoted him because he had engaged in activities protected under the ERA. After DeBose filed the complaint, but before the Secretary of Labor (Secretary) took any action, DeBose and CP & L entered into a settlement agreement, which they submitted

for the Secretary's approval pursuant to § 211(b)(2)(A). Following the recommendation of an Administrative Law Judge, the Secretary refused to approve the agreement because he determined that the agreement not only swore the parties to secrecy, but also bound the Department of Labor to the same promise of confidentiality. This promise, the Secretary concluded, would violate his duties under the Freedom of Information Act, 5 U.S.C.A. § 552 (West 1983 & Supp. 1994). Therefore, the Secretary refused to "enter into" the agreement, as mandated by § 211, and remanded the agreement to the Administrative Law Judge for further negotiation. CP & L appealed to this Court to overturn the Secretary's rejection of the agreement and to delineate the Secretary's authority to review settlement agreements under § 211. Because we find the Secretary's remand order was neither a "final order" meriting appellate review under the ERA nor a collateral order within the scope of *Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949) and its progeny, we dismiss this appeal for lack of jurisdiction.

**I.**

In response to the increasing production and consumption of nuclear power in the private sector, Congress passed the Energy Reorganization Act of 1974. Among the many goals of this legislation, Congress intended to promote nuclear safety by encouraging employees at nuclear power facilities to report any safety violations to the Nuclear Regulatory Commission. To remove any disincentive to reporting, Congress added § 211 to the Energy Reorganization Act in 1978 to prevent employers from engaging in on-the-job retaliation against employees who report safety violations. If an employer does so discriminate, § 211 provides the employee relief through administrative process in the Department of Labor.

Once a disgruntled employee files a complaint under § 211(b)(2)(A):

---

1. Although the parties below and most of the case law regarding § 5851 refer to the provision as § 210 of the ERA, Congress amended the ERA

in 1992, Pub.L. No. 102–486, § 2902(a)–(g), (h)(2), (3), 106 Stat. 3123, 3124 (1992), and changed § 5851 from § 210 of the ERA to § 211.

Within ninety days of the receipt of such complaint the Secretary shall, unless the proceeding on the complaint is terminated by the Secretary on the basis of a settlement entered into by the Secretary and the person alleged to have committed such violation, issue an order either providing the relief prescribed by subparagraph (B) or denying the complaint.... The Secretary may not enter into a settlement terminating a proceeding on a complaint without the participation and consent of the complainant.

42 U.S.C.A. § 5851(b)(2)(A). Under this section, the Secretary must take one of three actions: he must grant relief, deny relief, or enter into a settlement with the parties. *Macktal v. Secretary of Labor*, 923 F.2d 1150, 1153 (5th Cir.1991). After the Secretary takes action, § 211(c) stipulates that "[a]ny person adversely affected or aggrieved by an order issued under subsection (b) of this section may obtain review of the order in the United States court of appeals for the circuit in which the violation, with respect to which the order was issued, allegedly occurred." 42 U.S.C. § 5851(c)(1). Pursuant to this provision, CP & L challenges the Secretary's remand of its settlement agreement with DeBose.

## II.

■ The Department of Labor argues that the Secretary's order of remand does not constitute an appealable order under § 211(c). We agree. The Supreme Court has noted "[t]he strong presumption ... that judicial review [of agency decisions] will be available only when agency action becomes final." *Bell v. New Jersey*, 461 U.S. 773, 778, 103 S.Ct. 2187, 2191, 76 L.Ed.2d 312 (1983). Because federal courts are constitutionally courts of limited jurisdiction, the statute must overcome this presumption by providing an explicit basis for appealing a non-dispositive order. Nothing in § 211 directs us to entertain appeals of non-final orders.

■ Compared to many other statutes using approximately the same language, § 211(c) is noteworthy in that it does not explicitly limit appeals to "final orders" as do many similar statutes. *See Stevedoring*

*Servs. of Am. v. Director, Office of Workers' Compensation Programs*, 29 F.3d 513, 515–16 n. 2 (9th Cir.1994) (Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 921(c)); *Trans Fleet Enter. Inc. v. Boone*, 987 F.2d 1000, 1004–05 (4th Cir.1992) (Surface Transportation Assistance Act, 49 U.S.C.App. § 2305(d)); *Spruill v. Merit Systems Protection Bd.*, 978 F.2d 679, 683 (Fed. Cir.1992) (Civil Service Reform Act of 1978, 5 U.S.C. § 7703(a)(1)); *In re Perry*, 882 F.2d 534, 537 (1st Cir.1989) (Occupational Safety and Health Act, 29 U.S.C. § 660(a)). Section 211, instead, discusses appeals from "*order*[s] issued under" § 211(b) (emphasis added). One might argue that this distinction requires us to hold that the omission of the word "final" means that non-final orders are appealable under § 211.

The Eleventh Circuit confronted this question in *Jim Walter Resources, Inc. v. Federal Mine Safety and Health Review Comm'n*, 920 F.2d 738, 743 (11th Cir.1990): "Although the statute uses the term 'order' rather than 'final order,' this omission alone is insufficient to overcome the general presumption that judicial review of administrative actions is available only when such decisions have become final." We agree with this reasoning. The Congressional decision to use general language rather than specific language, in and of itself, will not rebut the strong judicial presumption in favor of the appealability of final orders only.

Moreover, Congress wrote the ERA in such a way that the Secretary of Labor's only option is to issue an order that is inherently "final" in nature. Assuming that a complaint is not terminated by virtue of a settlement, the Secretary must either issue an order providing relief to the complainant or an order denying the complaint. 42 U.S.C. § 5851(b)(2)(A). Whichever decision is made by the Secretary will have the effect of being the final administrative action taken on the matter. The ERA makes no allowances for appellate review other than in those instances when a person has been "adversely affected or aggrieved by an order issued under subsection (b)." *Id.* at § 5851(c). There is no statutory basis upon which we can review an action taken by the

Secretary that was neither an order providing relief or a denial of a complaint.

Therefore, any order issued by the Secretary is, in effect, a final one, "end[ing] the litigation on the merits and leav[ing] nothing for the court to do but execute the judgment." *Jim Walter Resources,* 920 F.2d at 744 (quoting *Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945)). The order here does not satisfy this very clear test. The Secretary explicitly "remand[ed the dispute] to the ALJ for further proceedings," and "encourage[d] the parties to reconsider ... the settlement ... and to submit an amended settlement to the ALJ." (J.A. at 62.)

We have held that administrative remand orders similar to this one are not final orders under statutory language almost identical to that contained in § 211(c). For instance, the Federal Mine Safety and Health Act (the "FMSHA") grants appellate review to "[a]ny person adversely affected or aggrieved by an order of the Commission." *Monterey Coal Co. v. Federal Mine Safety and Health Review Comm'n,* 635 F.2d 291, 292 (4th Cir. 1980) (quoting 30 U.S.C. § 816(a)(1)). In *Monterey Coal,* we found that this language did not grant us jurisdiction to review a Commission order that reversed and remanded an ALJ decision finding Monterey Coal guilty of a safety violation. Relying on this Court's earlier opinion in *Fieldcrest Mills, Inc. v. Occupational Safety and Health Review Comm'n,* 545 F.2d 1384 (4th Cir.1976) (finding that an OSHRC order vacating and remanding an administrative proceeding was not a final order and therefore not ripe for appellate court review), the court held that administrative remands are not appealable under the FMSHA. *Monterey Coal,* 635 F.2d at 293. In effect, the court determined that the language of the FMSHA—which is identical to the language in § 211 of the ERA—did not grant the court jurisdiction to hear anything but final orders. Because the remand was not final, the court was without jurisdiction to hear the appeal.

We steadfastly adhere to this line of cases, and we believe that it controls the outcome today.

Therefore, like the orders in *Monterey Coal* and *Fieldcrest Mills,* this order does not end the litigation; rather, it does the exact opposite by remanding the case for further proceedings. The finality principle demands that appellate courts refrain from entering disputes until the disputes present definite justiciable issues; therefore, until the Secretary has firmly decided this case on the merits, we must let the Department of Labor resolve the dispute.[2]

### III.

CP & L asserts that even if the statutory language of § 211 does not allow immediate appeal of the Secretary's remand, the collateral order doctrine provides an alternative basis for jurisdiction. Whereas the finality principle states that parties can only appeal fully resolved cases, the collateral order doctrine is a narrowly framed cousin to the final order doctrine which allows the appeal of some non-final orders that have such a final and important effect that reviewing courts should treat them as final orders. This is "best understood not as an exception to the 'final decision' rule laid down by Congress in [28 U.S.C.] § 1291, but as a 'practical construction' of it." *Digital Equipment Corp. v. Desktop Direct, Inc.,* —— U.S. ——, ——, 114 S.Ct. 1992, 1995, 128 L.Ed.2d 842 (1994). Under this doctrine, the Court has entertained the appeals of certain pre-trial motions, such as determining whether double jeopardy attaches to the underlying trial, *Abney v. United States,* 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977), or whether government officials are entitled to qualified immunity in a damages suit, *Mitchell v. Forsyth,* 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985).

■■■ The Fourth Circuit has held that orders fall within the collateral order exception

---

2. Of course, CP & L can preserve any objections, and challenge the Secretary's order once the issue is fully adjudicated, even if the final action is approval of a revised settlement agreement. A settlement agreement that the Secretary "enters

into" pursuant to § 211(b)(2)(A) is, of course, an appealable order. *See Macktal,* 923 F.2d at 1153 (reviewing an approved settlement agreement under § 211(c)); *Thompson v. United States Dept. of Labor,* 885 F.2d 551 (9th Cir.1989) (same).

only if the "order [1] conclusively determines the question in the trial court, [2] resolves an important question independent of the subject matter of the litigation, [3] is effectively unreviewable on appeal from a final judgment or so important that review should not wait upon final judgment, *and* [4] presents a serious and unsettled question upon appeal."

*MDK, Inc. v. Mike's Train House, Inc.*, 27 F.3d 116, 120 (4th Cir.1994) (emphasis added), *cert. denied*, —— U.S. ——, 115 S.Ct. 510, 130 L.Ed.2d 417 (quoting *Bever v. Gilbertson*, 724 F.2d 1083, 1085 (4th Cir.1984)).[3] It is well-settled that these requirements of the collateral order doctrine apply not only to judicial decisions, but also to appeals from executive agency action. *See F.T.C. v. Standard Oil of California*, 449 U.S. 232, 246–47, 101 S.Ct. 488, 496–97, 66 L.Ed.2d 416 (1980) (applying collateral order elements to a decision of the FTC). CP & L asserts that the Secretary's remand order is reviewable because it resolves an issue entirely collateral to the underlying § 211 claim and will be effectively unreviewable if the Secretary is allowed to remand the action to an ALJ. After a careful review of the facts of this case and applicable precedent, we are forced to disagree.

Assuming *arguendo* that the first and fourth elements of the collateral order doctrine are satisfied, we are convinced that CP & L has not shown that the order at issue resolves a question unrelated to the underlying litigation or is effectively unreviewable upon final judgment. The collateral order doctrine derives its name from the Supreme Court's original collateral order case, *Cohen*, 337 U.S. at 546, 69 S.Ct. at 1225–26, where the Court noted that under the doctrine, orders must be "claims of right separable

from, and collateral to, rights asserted in the action ... too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." This test requires the appealed issue to have an existence completely separate from the underlying cause of action. For instance, in *Cohen*, the petitioners had filed a shareholder's derivative suit under diversity jurisdiction, and were required under New Jersey law to post a $125,000 bond. *Id.* at 543–45, 69 S.Ct. at 1224–25. The district court found that the requirement was procedural, and, therefore, inapplicable in a diversity action. *Id.* at 545, 555–56, 69 S.Ct. at 1225, 1229–30. The Supreme Court determined that, although not final, this was an appealable order. The underlying subject matter was the shareholder's derivative suit, not the purely collateral issue whether to post the bond. *Id.* at 546–47, 69 S.Ct. at 1225–26.

CP & L attempts here to appeal the Secretary's order remanding the settlement agreement that resolved the dispute between CP & L and DeBose. This dispute *was* the underlying cause of action. The parties entered into the settlement agreement at issue "to end forever the pending action, and all present and potential litigation between them in any way relating to or arising out of Mr. DeBose's employment at CP & L or Mr. DeBose's resignation from that employment." (J.A. at 10.) If this Court were to accept the appeal, and decide the case for CP & L on the merits, we would resolve the entire case. As the Supreme Court noted in *Cohen*, "[a]ppeal gives the upper court a power of review, not one of intervention." *Id.* at 546, 69 S.Ct. at 1225. At this point in the litigation, the claim is still "in the breast of the court"; to resolve it here and now would be premature and would overstep the

---

3. The courts have not clearly determined whether the fourth factor—that the issue presents a "serious and unsettled question"—is necessary to the determination.

   [T]he most frequently quoted Supreme Court restatement of the elements of collateral order doctrine does not require that there be an important question, and some well-settled bases for collateral order appeal clearly rest on the desire to protect individually important interests in circumstances that have no general legal significance.

15A   Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure 2d* § 3911 at 335 (1992). In fact, as recently as June 1994, the Supreme Court omitted this factor from its collateral order analysis. *Digital Equipment Corp. v. Desktop Direct, Inc.*, —— U.S. at —— ——, 114 S.Ct. at 1995–96. The continued vitality of this factor is not necessary to resolve this case, so we decline to confront this issue until it is properly presented.

boundaries of our limited review. Therefore, we find that the issue is not sufficiently independent of the underlying claim to merit review as a collateral order.

Furthermore, even if this appeal were independent of its underlying cause of action, the Supreme Court's recent decision in *Digital Equipment* would direct us to find that court orders dismissing settlement agreements are effectively reviewable after their underlying disputes have been litigated, and, therefore, do not satisfy the third element of the collateral order test. *See* —— U.S. at ——, 114 S.Ct. at 2003. In *Digital Equipment*, Digital and Desktop Direct entered into a settlement agreement with the consent of the district court, dismissing the trademark infringement suit between them. —— U.S. at ——, 114 S.Ct. at 1995. Several months later, the district court granted Desktop's motion to vacate the dismissal and rescind the settlement agreement. *Id.* Digital appealed. The Supreme Court determined that the appeal was not subject to the collateral order doctrine primarily because it did not raise an important question effectively unreviewable on final judgment. *Id.* at ——, 114 S.Ct. at 2003. The Court found that failure to review a settlement agreement engendered only minor burdens to the parties compared to other subject matters normally appealable under the collateral order doctrine. *Id.* For instance, the Court normally allows collateral review of double jeopardy issues because a failure to review would result in such a hardship to the defendants that subsequent review would be pointless. *Abney v. United States*, 431 U.S. at 662; 97 S.Ct. at 2041–42. The agreement between CP & L and DeBose is a privately negotiated settlement agreement requiring the approval of a public decision-maker, exactly like the agreement in *Digital Equipment.* We cannot say that the burdens placed on CP & L by having to wait until final judgment to appeal are any greater than were those on

Digital Equipment. Therefore, we must find that CP & L's appeal of the Secretary's rejection of this settlement agreement does not raise a question "effectively unreviewable" on final judgment.

CP & L argues, however, that a remand of the settlement agreement renders it effectively unreviewable. CP & L contends that the ALJ hearing the complaint or reviewing a renegotiated settlement will simply follow the directives in the Secretary's order, thereby preventing DeBose and CP & L from retaining the objectionable confidentiality provisions. As a result, once the parties enter into the agreement without the confidentiality provisions, or the ALJ hears the case on the merits, the issues CP & L asks us to consider today will become moot because all the parties will have joined in a settlement, and nothing will remain for appeal.

We reject this contention for two reasons. First, § 211 does not prevent CP & L from preserving its objections to the Secretary's order while renegotiating the agreement. CP & L has the right to retain its objection to the Secretary's order, enter into a new agreement with the Secretary's consent, and then appeal the Secretary's refusal to incorporate the confidentiality provisions initially agreed upon by CP & L and DeBose. Second, CP & L can let the ALJ hear DeBose's complaint on the merits, and, if judgment is entered against CP & L, appeal the judgment pursuant to § 211(c), arguing that the ALJ should not have heard the case because the settlement agreement was valid.[4] Because CP & L effectively can vindicate its rights upon entry of a final judgment, and because the Secretary's order is not collateral to, but rather merges with, the underlying dispute, we find that the Secretary's decision is not a collateral order meriting immediate

---

4. Although this may engender a harsh result by forcing CP & L to litigate DeBose's complaint on the merits, it is no more harsh than forcing parties who want to appeal an adverse discovery ruling to refuse to comply with discovery and risk receiving a contempt conviction, so that the contempt conviction creates an appealable final order. *See MDK, Inc. v. Mike's Train House,*

*Inc.,* 27 F.3d at 121; *Corporacion Insular de Seguros v. Garcia*, 876 F.2d 254, 256–57 (1st Cir.1989); *In re Application of Am. Tobacco Co.*, 866 F.2d 552, 554 (2d Cir.1989); *North Carolina Ass'n of Black Lawyers v. North Carolina Bd. of Law Examiners*, 538 F.2d 547, 549 (4th Cir. 1976).

appellate review.[5]

## IV.

One of the bedrock principles of appellate court jurisdiction is that, with very limited exception, parties may only appeal final orders. It is not the place of appellate courts to scrutinize agency action at every step of an administrative proceeding. Rather, appellate courts must proceed cautiously, allowing lower decision-makers thoroughly to resolve the intricacies of underlying claims. Because the Department of Labor is still processing this administrative complaint, it would be premature for this Court to intervene. Accordingly, we dismiss this appeal for lack of jurisdiction.

*DISMISSED.*

---

**5.** DeBose argues that this Court has no jurisdiction to review this appeal because it is not ripe for review, because the appeal itself breached the confidentiality provisions at issue and therefore made the appeal moot, and because the agreement statutorily is committed solely to the discretion of the Secretary of Labor. Because we have determined that we lack jurisdiction under the final order doctrine, we do not address these contentions.