**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
           *Plaintiff-Appellee,*

v.                                              No. 02-7139

TROY LEMONT PERKINS,
           *Defendant-Appellant.*

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Benson E. Legg, District Judge.
(CR-95-337-L, CA-02-116-L)

Submitted: November 5, 2002

Decided: December 16, 2002

Before MOTZ and GREGORY, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Troy Lemont Perkins, Appellant Pro Se. Christine Manuelian,
OFFICE OF THE UNITED STATES ATTORNEY, Baltimore,
Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Troy Lemont Perkins was convicted of conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. § 846 (2000). He was sentenced in January 2001. Perkins filed a habeas motion in the district court pursuant to 28 U.S.C. § 2255 (2000). On March 27, 2002, Perkins filed a "Motion for Release on Bail Pending Decision on Petitioner's 28 U.S.C. § 2255." The district court denied this motion in a marginal order on July 8. Two days later, Perkins filed a "Request for Certification for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) and Fed. R. Civ. P. 54(b) Certification." The district court construed the motion as a notice of appeal. Perkins objects to this characterization in his informal brief, arguing that this appeal is interlocutory because he filed his "Request for Certification" under the assumption that the district court would enter a final order disposing of the motion from which he could appeal.*

We may exercise jurisdiction only over final orders, *see* 28 U.S.C. § 1291 (1994), and certain interlocutory and collateral orders. *See* 28 U.S.C. § 1292 (2000); Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949). A "final order" is defined as one that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment. *Catlin v. United States*, 324 U.S. 229, 233 (1945). In contrast, to fall within the collateral order doctrine, an order must: (1) conclusively determine the disputed question; (2) resolve an important question independent of the merits; (3) be effectively unreviewable on appeal from a final judgment or so important that review cannot wait; and (4) present a serious and unsettled question upon appeal. *See Carolina Power & Light Co. v. United States Dep't of Labor*, 43 F.3d 912, 916 (4th Cir. 1995).

---

*Although the district court could have filed a separate order addressing the "Request for Certification" in accordance with § 1292(b), it was not remiss to consider the motion a notice of appeal. Perkins himself argued that the denial of bail in habeas proceedings is appealable under the collateral order doctrine. Further, he obviously wished to appeal the denial of bail since he requested the district court to file an order endorsing an immediate appeal, and he was well aware that the denial of his motion for release on bail could only be reviewed at that time.

The Supreme Court has long held that a pre-trial order denying a motion to reduce bail in a criminal prosecution is appealable as a collateral order. *See Stack v. Boyle*, 342 U.S. 1, 12 (1951). We agree with the majority of the circuits that have extended the collateral order doctrine to encompass an order denying a motion for release on bail pending disposition of a motion to vacate under 28 U.S.C. §§ 2254, 2255 (2000). *See, e.g., Lee v. Jabe*, 989 F.2d 869, 870 (6th Cir. 1993); *Dotson v. Clark*, 900 F.2d 77, 78 (6th Cir. 1990); *United States v. Smith*, 835 F.2d 1048, 1049 (3d Cir. 1987); *Martin v. Solem*, 801 F.2d 324, 328 (8th Cir. 1986); *Guerra v. Meese*, 786 F.2d 414, 418 (D.C. Cir. 1986); *Cherek v. United States*, 767 F.2d 335, 337 (7th Cir. 1985); *Iuteri v. Nardoza*, 662 F.2d 159, 161 (2d Cir. 1981).

To prevail on a motion for release on bail in a habeas case, the appellant must show that his petition presents a substantial constitutional claim upon which he has a high probability of success, and that extraordinary circumstances warrant his release. *See Aronson v. May*, 85 S. Ct. 3 (1964). Upon careful review, we conclude that Perkins has not made such a showing.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*