# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-20247
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 13, 2015

Lyle W. Cayce
Clerk

VINCENT E. BEASLEY,

Petitioner-Appellant

v.

WILLIAM STEPHENS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CV-2708

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:[*]

Vincent E. Beasley pled guilty to sexual assault and was sentenced to
eight years in prison. Beasley filed a habeas petition and a motion for release
pending review of his habeas petition in district court. The district court
denied his motion for release, denied a certificate of appealability ("COA"), and
administratively closed his habeas case pending this appeal. Beasley now

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 15-20247

(1) moves for a COA on his motion for release, (2) appeals the denial of his motion for release, and (3) moves for his release pending appeal. An order denying a motion for release is not a final order for purposes of 28 U.S.C. § 2253(c)(1), so Beasley does not need a COA to appeal. *See Harbison v. Bell*, 556 U.S. 180, 183 (2009). His motion for a COA is DENIED as unnecessary.

Release should be granted to a prisoner pending postconviction habeas review "only when the [applicant] has raised substantial constitutional claims upon which he has a high probability of success, and also when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective." *Calley v. Callaway*, 496 F.2d 701, 702 (5th Cir. 1974). Examples of "extraordinary circumstances" include the "serious deterioration of the [applicant's] health while incarcerated, . . . short sentences for relatively minor crimes so near completion that extraordinary action is essential to make collateral review truly effective, . . . or possibly extraordinary delay in processing a habeas corpus petition." *Id.* at 702 n.1 (citations omitted).

We need not address the merits of Beasley's claim—an issue still before the district court—because he has not shown the existence of any "extraordinary circumstances" requiring his release. The district court did not err by denying his motion for release. S*ee id.* at 703. We AFFIRM. To the extent Beasley moved this court for his release pending appeal, we DENY his motion for the same reason.