# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 5, 2023

Lyle W. Cayce
Clerk

No. 22-10654
Summary Calendar

Kent Rogers,

*Petitioner—Appellant*,

*versus*

Bobby Lumpkin, Director, Texas Department of
Criminal Justice, Correctional Institutions Division,

*Respondent—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:22-CV-367

Before Davis, Duncan, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Kent Rogers, Texas prisoner #02256795, appeals the district court's denial of his motion for release pending resolution of his 28 U.S.C. § 2254 application. We conclude that the district court did not err and AFFIRM.

---

* This opinion is not designated for publication. See 5th Cir. R. 47.5.

No. 22-10654

## I.

Rogers filed this § 2254 petition challenging his three 2019 convictions. In particular, Rogers asserts that his Fourth Amendment rights have been violated, that one of his sentences was illegally enhanced, and that there was insufficient evidence to support his conviction for tampering with evidence. Additionally, Rogers filed a "Motion for Personal Recognizance Bond or Appeal Bond." The district court denied Rogers' motion for release. Rogers appealed and requested release pending the resolution of his appeal. The district court stayed Rogers' habeas proceeding and administratively closed his case pending this appeal.[1]

## II.

On appeal, Rogers argues that the district court erred in denying his motion for release and that the State has violated his constitutional rights. In response, the State notes that we have jurisdiction over this appeal and argues that the district court properly denied Rogers' motion for release pending habeas review.

As an initial matter, we must review the basis for our jurisdiction over the instant appeal.[2] Nine other circuits have held that appellate courts have jurisdiction to review the denial of a motion for release in a habeas

---

[1] Because an "order denying a motion for release is not a final order for purposes of 28 U.S.C. § 2253(c)(11), [Rogers] does not need a [certificate of appealability] to appeal." *Beasley v. Stephens*, 623 F. App'x 192, 192 (5th Cir. 2015) (per curiam) (unpublished) (citing *Harbison v. Bell*, 556 U.S. 180, 183 (2009)). Unpublished opinions issued in or after 1996 are "not controlling precedent" except in limited circumstances, but they "may be persuasive authority." *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006).

[2] *See United States v. Pittman*, 915 F.3d 1005, 1007 (5th Cir. 2019) ("[A]s courts of limited jurisdiction, we are obligated to examine the basis of our own jurisdiction before reviewing the merits.") (citation and internal quotation marks omitted).

No. 22-10654

proceeding. Seven of those circuits have held that jurisdiction exists under the collateral order doctrine,[3] whereas two circuits have treated such appeals as petitions for mandamus.[4] As noted by the State, we have previously exercised jurisdiction over appeals from the denial of motions for release on bond in habeas proceedings.[5] Accordingly, we exercise jurisdiction over the instant appeal.

In order to obtain release pending review of his habeas petition, Rogers must show that he is raising "substantial constitutional claims upon which he has a high probability of success," and that "extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective."[6] Examples of "extraordinary circumstances" include where there has been a "serious deterioration of the petitioner's health while incarcerated, short sentences for relatively minor crimes so near completion that extraordinary action is essential to make collateral review truly effective, or possibly extraordinary delay in processing

---

[3] *See Pagan v. United States*, 353 F.3d 1343, 1345 (11th Cir. 2003); *Grune v. Coughlin*, 913 F.2d 41, 43-44 (2d Cir. 1990); *Dotson v. Clark*, 900 F.2d 77, 78-79 (6th Cir. 1990); *United States v. Smith*, 835 F.2d 1048, 1049-50 (3d Cir. 1987); *Martin v. Solem*, 801 F.2d 324, 328-29 (8th Cir. 198); *Guerra v. Meese*, 786 F.2d 414, 418 (D.C. Cir. 1986); *Cherek v. United States*, 767 F.2d 335, 336-37 (7th Cir. 1985). Additionally, the Fourth Circuit has held the same in an unpublished decision. *See Perkins*, 53 F. App'x at 667. Additionally, the Fourth Circuit has held the same in an unpublished opinion. *See United States v. Perkins*, 53 F. App'x 667, 667 (4th Cir. 2002) (per curiam) (unpublished).

[4] *See United States v. McCandless*, 841 F.3d 819, 821-22 (9th Cir. 2016) (citing *Land v. Deeds*, 878 F.2d 318, 318 (9th Cir. 1989)); *Woodcock v. Donnelly*, 470 F.2d 93, 94 (1st Cir. 1972).

[5] *See, e.g.*, *Finch v. Lumpkin*, 819 F. App'x 279, 280 (5th Cir. 2020) (per curiam) (unpublished) (citing *Calley v. Callaway*, 496 F.2d 701, 702 (5th Cir. 1974); *Watson v. Goodwin*, 709 F. App'x 311, 312 (5th Cir. 2018) (per curiam) (unpublished)); *see also Nelson v. Davis*, 739 F. App'x 254, 255 (5th Cir. 2018) (per curiam) (unpublished).

[6] *Calley*, 496 F.2d at 702.

a habeas corpus petition."[7]  The district court concluded that Rogers failed to establish any of these circumstances.  We find that the record fully supports this conclusion.

Rogers argues on appeal that he has shown extraordinary or exceptional circumstances because "Congress passed the Bail Reform Act of 1966[,] which requires federal courts to release a[] defendant charged with a non-capital offense on his recognizance or an unsecured appearance bond, unless the trial judge determine[s] that the defendant would fail to appear for trial under minimal supervision."  However, the district court's authority to release a prisoner while a habeas proceeding is pending is inherent in its power to issue the writ itself,[8] and is not governed by the Federal Bail Reform Act, which applies to federal defendants pending sentencing or appeal.[9]

Rogers additionally asserts that he is entitled to release because he is not a flight risk, has never missed a hearing, and will not pose a danger to others on release.  None of these contentions, however, are the type of circumstances that this court has articulated as constituting extraordinary or exceptional circumstances.[10]

Because Rogers has not demonstrated extraordinary or exceptional circumstances that necessitate his release, we need not consider whether he has raised substantial constitutional claims that have a high probability of

---

[7] *Id.* at 702 n.1.

[8] *See In re Wainwright*, 518 F.2d 173, 174 (5th Cir. 1975) (per curiam) ("In spite of the lack of specific statutory authorization, it is within the inherent power of a District Court of the United States to enlarge a state prisoner on bond pending hearing and decision on his application for a writ of habeas corpus." (citations omitted)).

[9] 18 U.S.C. §§ 3041, 3141, 3142; *see also Wainwright*, 518 F.2d at 175 (noting the lack of statutory authority for bail for state prisoners proceeding under § 2254).

[10] *See id.*

No. 22-10654

success.[11]  Accordingly, the district court's order denying Rogers' motion for release is AFFIRMED.  We likewise DENY his motion for release pending resolution of this appeal.

---

[11] *See Nelson*, 739 F. App'x at 255 (refusing to address whether the state prisoner's § 2254 petition raised substantial constitutional claims that have a high probability of success because "he has not demonstrated extraordinary or exceptional circumstances").