**William L. CALLEY, Jr., Petitioner-Appellee,**

v.

**Howard H. CALLAWAY, Secretary of the Army, et al., Respondents-Appellants.**

No. 74–2285.

United States Court of Appeals, Fifth Circuit.

June 13, 1974.

Rehearing En Banc Denied July 19, 1974. See 497 F.2d 1384.

William Schloth, U. S. Atty., Charles T. Erion, Asst. U. S. Atty., Macon, Ga., Capt. Arnold Anderson Vickery, Dept. of the Army, Capt. David P. Schulingkamp, Washington, D. C., for respondents-appellants.

Kenneth M. Henson, Columbus, Ga., J. Houston Gordon, Covington, Tenn., G. W. Latimer, Salt Lake City, Utah, for petitioner-appellee.

Before BROWN, Chief Judge, and RIVES and WISDOM, Circuit Judges.

PER CURIAM:

Appellants-Respondents contest District Court orders restraining any change in petitioner-appellee Calley's place or conditions of confinement, and granting bail to petitioner-appellee Calley pending a final determination on the merits of his petition for writ of habeas corpus. We reverse.

On March 29, 1971, Calley was found guilty by a military jury of premeditated murder of not fewer than twenty-two Vietnamese civilians and of assault with intent to murder one Vietnamese civilian. He was sentenced to confinement at hard labor for life, dismissal from the service, and forfeiture of all pay and allowances. The convening authority approved the finding of guilty and the sentence, except that he reduced the confinement portion of the sentence to twenty years.

On February 16, 1973, the Court of Military Review affirmed Calley's conviction in a seventy-page opinion and denied his petition for a new trial. United States v. Calley, 46 CMR 1131 (ACMR 1973). The Court of Military Appeals affirmed on December 21, 1973, United States v. Calley, 22 USCMA 534, 48

CMR 19 (1973), and denied a petition for reconsideration on February 4, 1974. The Secretary of the Army approved the findings and sentence of the court-martial on April 15, 1974. In a separate action, the Secretary commuted the confinement portion of the sentence to ten years. The President of the United States notified the Secretary of the Army on May 3, 1974, that he had reviewed the case and had determined that no further action would be taken.

At some time in early 1974, Calley learned that the Department of the Army would move him on February 12 from Fort Benning, Georgia, where he was under house arrest, to the disciplinary barracks at Fort Leavenworth, Kansas. On February 11 Calley instituted an action for a writ of habeas corpus in the United States District Court for the Middle District of Georgia. Calley also filed a separate request for a temporary restraining order to prevent his removal from the jurisdiction and an application for bail pending the final determination of his petition for writ of habeas corpus. The District Court issued an *ex parte* order on February 11 restraining the respondents from changing the place of custody of the petitioner or the conditions of his confinement.

On February 27, after the submission of briefs, evidence and oral argument, the District Court released Calley upon one thousand dollars bond pending determination of his petition for the writ. On March 8, 1974, the appellants-respondents filed a motion to revoke bail or alternatively to stay the Court's order of February 27. Following a hearing, the District Court denied the appellants-respondents' motion on May 10, 1974. This appeal followed.

Bail should be granted to a military prisoner pending postconviction habeas corpus review only when the petitioner has raised substantial constitutional claims upon which he has a high probability of success, and also when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective. See Aronson v. May, 1964, 85 S. Ct. 3, 13 L.Ed.2d 6 (Douglas, J. on application for bail); Glynn v. Donnelly, 1 Cir., 1972, 470 F.2d 95; Woodcock v. Donnelly, 1 Cir., 1972, 470 F.2d 93; Benson v. California, 9 Cir., 1964, 328 F.2d 159, cert. denied, 380 U.S. 951, 85 S.Ct. 1086, 13 L.Ed.2d 970; Boyer v. City of Orlando, 5 Cir., 1968, 402 F.2d 966, 968; Baker v. Sard, 1969, 137 U.S. App.D.C. 139, 420 F.2d 1342.[1]

---

1. In *Aronson* Mr. Justice Douglas opined as follows:

"Second: This applicant is incarcerated because he has been · tried, convicted, and sentenced by a court of law. He now attacks his conviction in a collateral proceeding. It is obvious that a greater showing of special reasons for admission to bail pending review should be required in this kind of case than would be required in a case where applicant had sought to attack by writ of habeas corpus an incarceration not resulting from a judicial determination of guilt. Cf. Yanish v. Barber, 73 S.Ct. 1105, 97 L.Ed. 1637 (1953). In this kind of case it is therefore necessary to inquire whether, in addition to there being substantial questions presented by the appeal, there is some circumstance making this application exceptional and deserving of special treatment in the interests of justice. See Benson v. California, 328 F.2d 159 (CA 9th Cir. 1964). The papers before me on this application indicate the existence of no such circumstance."

Some examples of extraordinary circumstances are serious deterioration of the petitioner's health while incarcerated, United States ex rel. Ackerman v. Pennsylvania, W.D.Pa.1955, 133 F.Supp. 627, writ of mandamus denied; Johnston v. Marsh, 3 Cir., 1955, 227 F.2d 528; Woodcock v. Donnelly, 1 Cir., 1972, 470 F.2d 93; short sentences for relatively minor crimes so near completion that extraordinary action is essential to make collateral review truly effective. Noyd v. Bond, 1965, 395 U.S. 683, 689, 89 S.Ct. 1876, 23 L.Ed.2d 631 (all but two days of one-year sentence served); Levy v. Parker, 1969, 396 U.S. 1204, 90 S.Ct. 1, 24 L. Ed.2d 25, affirmed by full Court, 1969, 396 U.S. 804, 90 S.Ct. 47, 24 L.Ed.2d 60 (all but twelve days of three-year sentence served); Boyer v. City of Orlando, supra (one hundred twenty-day sentence); or possibly extraordinary delay in processing a habeas corpus petition, Glynn v. Donnelly, supra.

In the present case, our examination convinces us that the District Court did not really apply the above-described two-fold standard in determining whether to grant bail to Calley. Applying the proper standard to the facts of this case, we conclude that the allegations made by Calley, and the circumstances revealed by the record, do not justify a grant of bail pending determination of the merits of the petition.

We therefore reverse the order granting bail, and return Calley to military custody pending determination by the District Court of the merits of Calley's petition for habeas corpus relief. In returning Calley to military custody, we return him to full military custody, including the prescription of the place of his custody and the conditions of his custody, Article 58, 10 U.S.C. § 858 (1970). At oral argument, the Government pledged that Calley will be brought before the District Court if and when that Court deems it necessary or appropriate for Calley to be present to advise with counsel or to participate in the proceedings before the District Court.

Reversed and remanded. Mandate to issue forthwith.