Leonardo **BOTERO GOMEZ**, Petitioner,

v.

**UNITED STATES of America,**
**Respondent.**

No. 89–1862–CIV–EPS.

United States District Court,
S.D. Florida.

Nov. 27, 1989.

Nunc Pro Tunc Nov. 22, 1989.

Benson Weintraub and David Tucker, Miami, Fla., for petitioner.

Paul Pelletier, Asst. U.S. Atty., Miami, Fla., for respondent.

## MEMORANDUM OPINION

SPELLMAN, District Judge.

### AMENDED ORDER AFFIRMING MAGISTRATE'S FINDINGS

THIS CAUSE comes before the Court upon Petitioner's Motion for Release on Bond Pending Determination of Petitioner's Habeas Corpus Petition by this Court. Imposition of sentence was stayed by this Court in order that the Court be able to exercise its jurisdiction over the Petition and grant relief if indicated.

The standard in a Motion for Release on Bond Pending Determination of a Habeas Corpus Petition was enunciated in *Calley v.*

*Callaway,* 496 F.2d 701 (5th Cir.1974). The Fifth Circuit hearing the case *en banc* held that bail should be granted a prisoner pending postconviction habeas corpus review where the petitioner raised substantial constitutional claims upon which he has a high probability of success and also when extraordinary and exceptional circumstances exist which make the grant of bail necessary and make the habeas remedy effective.

On the basis of this decision the Court finds that it must grant bond because the testimony established that MCC Miami cannot provide necessary treatment for petitioner's illness. Petitioner is infected with Acquired Immune Deficiency Syndrome (AIDS), Stage IV. Stage Four is the most advanced stage of the illness in which patients are most susceptible to related illnesses. These include liver and kidney disfunction and other illnesses which may prove fatal if not treated promptly and properly. While petitioner is receiving treatment at MCC Miami, including the drug known as AZT, the treatment lacks the quality of continuity which is considered necessary in treating an illness of this nature.

As Dr. Carter, the Chief of Health Services at MCC Miami admits, their facility is an infirmary, not a hospital. Certain drugs necessary to prolong Petitioner's life and treat his illness adequately are unavailable at MCC Miami, namely DDI for the treatment of low platelet (white blood cell count), and Pentamidine. Dr. Carter testified at his deposition that he had seen petitioner only twice in the last two weeks.

Respondent contends that the care petitioner is receiving at MCC Miami is not inadequate because he is regularly referred to Jackson Memorial Hospital where he receives the most up-to-date care available. However, this care comes only at scheduled visits, about every four weeks, or when the prison officials notify petitioner's treating physician at Jackson. Dr. Uttamchandani that he has a particularly symptomatic or acute problem. The treating physician testified that Petitioner is unable to advise him on a day-to-day basis of new developments.

Dr. Lionel Resnick, an expert in the field of treatment of AIDS-infected patients testified at deposition that he reviewed the records of MCC Miami, including their Policy Abstract regarding medical care, and concluded that it was inadequate, even if the plan were followed completely, for treatment of AIDS patients. He concluded that psychological counseling is often essential to successful treatment, and that there is no psychological counseling available from the MCC staff. Petitioner's request for counseling was met with a referral to the prison's drug counselor.

Dr. Resnick found that current treatment by Dr. Carter was inadequate and that Dr. Carter had, in fact, misdiagnosed the level of progression of Petitioner's disease. MCC's reactive treatment program of referring inmates with non-routine illnesses to Jackson Memorial Hospital simply does not meet the medical needs of a patient in Petitioner's condition. Patients with advanced AIDS require medical and psychological care of a continuous nature. MCC does not provide that. While care in a prison facility is understandably imperfect, it must at least be adequate. The care available to Petitioner at MCC Miami does not meet the requirements of the law.

The only evidence submitted by respondent with regard to the Federal Bureau of Prison's ability to adequately care for a prisoner in Petitioner's condition is the letter from Bureau of Prisons Medical Director Rod Freitag, submitted in support of Respondent's Motion in Opposition to Petitioner's Habeas Corpus Petition. The allegations contained therein have not been submitted to the scrutiny of Counsel for Petitioner or Dr. Resnick. The Court is constrained in making its finding of likelihood of success on the merits as the record is scant. However, the Court's understanding of the prison system through its observations and experience weigh in favor of agreeing with Magistrate's instinct that such a challenge will meet with success. Moreover, such a showing of high likeli-

hood of success on the merits has been made with regard to MCC Miami.

Furthermore, Petitioner's Motion clearly meets the alternative *Calley* test inasmuch as it demonstrates the existence of exceptional circumstances which makes the grant of bail necessary to make the habeas remedy effective. The Court cannot permit Petitioner to be transferred to another federal facility until final determination of his habeas petition. The Court cannot hold petitioner at MCC Miami pending determination of the habeas petition where the medical care he will receive there does not meet the constitutional requirements.

Petitioner is a resident alien who has lived in the United States for eight years. He has no prior criminal record. He has a son who is an American citizen. Furthermore, Petitioner's medical condition leaves no possibility of risk of flight. The Court ascertained during the hearing on this matter that the necessary bond form was prepared and approved by the Magistrate, and that necessary monetary requirements were met. Accordingly, it is hereby

ORDERED AND ADJUDGED that the Court ADOPTS AND AFFIRMS the Report and Recommendations of the Magistrate. It is further ORDERED AND ADJUDGED that Motion for Bond Pending Determination of Petitioner's Habeas Corpus Petition is GRANTED.[1]

DONE AND ORDERED.

---

**1.** At the close of hearing but before the Court's ruling in the matter, the Respondent entered an *ore tenus* motion requesting that if the Court affirmed the Magistrate's findings the Court stay its order pending Respondent's appeal to the Eleventh Circuit Court of Appeals. *Ore tenus* was denied without prejudice to Respondent's Appeal.