IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-20945
Summary Calendar
_____


UNITED STATES OF AMERICA,

                                   Plaintiff-Appellee,

versus

JOSEPH STAFFORD,

                                   Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CV-1400
USDC No. H-96-CR-79-1
--------------------
April 11, 2001


Before EMILIO M. GARZA, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

     Joseph Stafford appeals the district court's denial of his motion for release on bond pending the disposition of his 28 U.S.C. § 2255 motion.  Release on bail should be granted to a prisoner pending post-conviction collateral review "only when the [movant] has raised substantial constitutional claims upon which he has a high probability of success, and also when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective."  Calley v.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Callaway, 496 F.2d 701, 702 (5th Cir. 1974).  Examples of "extraordinary circumstances" include the serious deterioration of the movant's health while incarcerated, short sentences for relatively minor crimes so near completion that extraordinary action is essential to make collateral review truly effective, and extraordinary delay in processing a § 2255 motion.  See id. at 702 n.1.

Stafford's brief raises various allegations challenging his conviction and sentence.  Stafford, however, fails to show that "extraordinary or exceptional circumstances exist" necessitating his release on bond to make the post-conviction remedy effective. Thus, irrespective of the merits of his claims, which the district court has not yet ruled on, the court did not err by denying his motion for release on bond.

AFFIRMED.