IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-31103
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

DARRYL W. TAYLOR,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 99-CV-261-B-M2
USDC No. 98-CR-24-ALL-B
--------------------
May 9, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

    Darryl W. Taylor has filed a motion for leave to proceed <u>in forma pauperis</u> (IFP) on appeal.  To obtain leave to proceed IFP on appeal, Taylor must show that he is unable to pay the cost of his appeal.  <u>Jackson v. Dallas Police Dep't</u>, 811 F.2d 260, 261 (5th Cir. 1986).  He must also demonstrate that he will raise a nonfrivolous issue on appeal.  <u>Howard v. King</u>, 707 F.2d 215, 220 (5th Cir. 1983).

_____

    [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Taylor wishes to argue on appeal that the district court erred in denying his motion for release pending disposition of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. Taylor contends that he is entitled to release because his 28 U.S.C. § 2255 motion raises meritorious issues.

Release pending disposition of a 28 U.S.C. § 2255 motion will be granted only when the petitioner has raised a substantial constitutional claim upon which he has a high probability of success, and also when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective. Calley v. Callaway, 496 F.2d 701, 702 (5th Cir. 1974). Regardless of the merits of Taylor's claims, upon which the district court has not yet ruled, Taylor has not pointed to any "extraordinary or exceptional circumstances" which necessitate his release to make the post-conviction remedy effective. The district court did not err by denying Taylor's motion for release.

Taylor has not shown that he will raise a nonfrivolous issue on appeal. Taylor's motion for leave to proceed IFP on appeal is DENIED. His appeal is DISMISSED as frivolous pursuant to 5th Cir. R. 42.2.

IFP MOTION DENIED; APPEAL DISMISSED.