IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20970
Summary Calendar
_____

WILLIAM LOGAN KENNEDY,

                                    Petitioner-Appellant,

versus

NEIL ADLER; UNITED STATES OF AMERICA,

                                    Respondents-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CV-2124
--------------------
April 9, 2002

Before DeMOSS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

William Logan Kennedy appeals the district court's denial of his motion for release on bond pending the disposition of his 28 U.S.C. § 2241 petition. Release on bail should be granted to a prisoner pending post-conviction habeas review "only when the petitioner has raised substantial constitutional claims upon which he has a high probability of success, and also when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective." Calley v. Callaway, 496 F.2d 701, 702 (5th Cir. 1974). Examples of "extraordinary

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

circumstances" include the serious deterioration of the petitioner's health while incarcerated, short sentences for relatively minor crimes so near completion that extraordinary action is essential to make collateral review truly effective, and extraordinary delay in processing a habeas petition. Id. at n.1.

Regardless of the merits of Kennedy's claims, upon which the district court has not yet ruled, Kennedy has failed to show the existence of any "extraordinary or exceptional circumstances" necessitating his release on bond to make the post-conviction remedy effective. Because Kennedy's allegations thus do not justify a grant of release on bail pending determination of the merits of his 28 U.S.C. § 2241 motion, see Calley, 496 F.2d at 703, the district court did not err by denying Kennedy's motion for bond.

AFFIRMED.