United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 22, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-51169
Summary Calendar

ALVARO LUNA HERNANDEZ,

Petitioner-Appellant,

versus

JANIE COCKRELL, DIRECTOR, TEXAS DEPARTMENT
OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. P-01-CV-21
--------------------

Before DAVIS, WIENER and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Alvaro Luna Hernandez, Texas prisoner number 255735, seeks permission to appeal in forma pauperis ("IFP") from the district court's denial of release pending review of a 28 U.S.C. § 2254 petition. He also moves to expedite the appeal. To obtain leave to proceed IFP on appeal, Hernandez must show that he is unable to pay the cost of his appeal and demonstrate that he will raise

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a nonfrivolous issue on appeal.  See FED. R. APP. P. 24(a);
see also Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983).

Hernandez argues that the district court's denial of release
is immediately appealable, that the district court applied the
wrong standard for release, that the district court failed to
make findings of fact, and that he met the standard for release.
Release pending disposition of habeas review will be granted only
when the petitioner has raised a substantial constitutional claim
upon which he has a high probability of success, and also when
extraordinary or exceptional circumstances exist which make the
grant of bail necessary to make the habeas remedy effective.
Calley v. Callaway, 496 F.2d 701, 702 (5th Cir. 1974).
Regardless of the merits of Hernandez's 28 U.S.C. § 2254 claims,
upon which the district court has not yet ruled, Hernandez has
not shown any "extraordinary or exceptional circumstances" which
necessitate his release to make the habeas remedy effective.
The district court did not err by denying Hernandez's motion
for release.

Hernandez has not shown that he will raise a nonfrivolous
issue on appeal.  Hernandez's motion for leave to proceed IFP
on appeal is DENIED.  His motion to expedite the appeal is
also DENIED.  The appeal is DISMISSED as frivolous pursuant to
5TH CIR. R. 42.2.

IFP MOTION DENIED; MOTION TO EXPEDITE DENIED; APPEAL
DISMISSED.