United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 1, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-10222
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEWIS HENRY ANTHONY,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:03-CV-1236-A
USDC No. 4:00-CR-117-2-A
--------------------

Before JOLLY, HIGGINBOTHAM, and PICKERING, Circuit Judges.

PER CURIAM:[*]

Lewis Henry Anthony, federal prisoner # 29692-077, moves

this court for a certificate of appealability (COA) following the

district court's dismissal of his 28 U.S.C. § 2255 motion as

untimely.  Anthony's motion for bail pending appeal is DENIED.

See Calley v. Callaway, 496 F.2d 701, 702 (5th Cir. 1974).

Anthony seeks to challenge his 2000 conviction for conspiracy,

possession of stolen mail, and bank fraud.  The district court

determined that although the certificate of service for the 28

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

U.S.C. § 2255 motion indicated that it was filed within the one-year limitations period set forth in 28 U.S.C. § 2244(d), Anthony had failed to submit further proof that his motion was timely filed.

To obtain a COA, Anthony must make "a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). When, as here, a district court dismisses a § 2255 motion on procedural grounds, a COA may not issue unless the prisoner shows that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." See Slack v. McDaniel, 529 U.S. 473, 484 (2000)(§ 2254 case).

"A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Sonnier v. Johnson, 161 F.3d 941, 945 n.2 (5th Cir. 1998)(quoting Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998)). "Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746." FED. R. APP. P. 4(c)(1) (prisoner appeal); see also Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999)(noting that the rules regarding the timeliness of a notice of appeal have been extended to the filing of habeas petitions). The certificate of service for Anthony's 28 U.S.C. § 2255 motion, which was given in compliance with 28 U.S.C.

§ 1746, reflects that the motion was timely.  Accordingly, we grant Anthony's motion for a COA, VACATE the order dismissing the motion as untimely, and REMAND the case to the district court for further proceedings.  See Whitehead v. Johnson, 157 F.3d 384, 388 (5th Cir. 1998).  Anthony's motion to amend his motion for a COA is DENIED.

COA GRANTED; VACATE AND REMAND; OUTSTANDING MOTIONS DENIED.