# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 27, 2008

Charles R. Fulbruge III
Clerk

No. 08-50497
Summary Calendar

JAMES S DAVIS

Petitioner-Appellant

v.

M TRAVIS BRAGG, Warden

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CV-123

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

James S. Davis moves this court for leave to proceed in forma pauperis (IFP) in his appeal from the district court's dismissal of a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. The district court construed Davis's petition as a successive 28 U.S.C. § 2255 motion and dismissed it for lack of jurisdiction as successive and unauthorized. The district court denied Davis's motion for leave to proceed IFP on appeal and certified that an appeal would not be taken in good faith.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Davis's IFP motion is a challenge to the district court's certification decision; thus, the IFP motion "must be directed solely to the [district] court's reasons for the certification decision." Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997). In his IFP motion, Davis does not address the district court's reasons for denying IFP. He fails to assert that his petition is not a successive § 2255 motion. He also fails to argue that he was authorized to file a successive motion. When an appellant fails to identify error in the district court's analysis, it is the same as if the appellant had not appealed the decision. Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). Although pro se briefs are afforded liberal construction, see Haines v. Kerner, 404 U.S. 519, 520 (1972), even pro se litigants must brief arguments in order to preserve them. Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). Further, Davis has not shown that he is entitled to proceed under § 2255(e)'s savings clause. Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001). Accordingly, Davis has not shown that his appeal is taken in good faith. See Baugh, 117 F.3d at 202.

Davis also moves this court for release pending appeal. A petitioner seeking to be released on bail pending habeas review must demonstrate that he "has raised substantial constitutional claims upon which he has a high probability of success," and that "extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective." Calley v. Callaway, 496 F.2d 701, 702 (5th Cir. 1974). Davis has not made the required showing. See id.

Accordingly, Davis's motions for leave to proceed IFP and for release pending appeal are denied. Davis's emergency motion for immediate release and his requests for expedited consideration, a remand, and an order granting leave to file first amended petition are also denied.

Davis's appeal is without arguable merit and therefore frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is

frivolous, it is dismissed.  See 5th Cir. R. 42.2.  Davis is WARNED that further frivolous filings will result in the imposition of sanctions.

IFP DENIED; APPEAL DISMISSED; ALL OUTSTANDING MOTIONS DENIED; SANCTION WARNING ISSUED.