# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 5, 2010

Charles R. Fulbruge III
Clerk

No. 09-10455
Summary Calendar

CARLOS TIJERINA,

Petitioner-Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:09-CV-83
USDC No. 5:09-CV-84
USDC No. 5:09-CV-85
USDC No. 5:09-CV-86
USDC No. 5:09-CV-88
USDC No. 5:09-CV-89
USDC No. 5:09-CV-90
USDC No. 5:09-CV-91
USDC No. 5:09-CV-92
USDC No. 5:09-CV-93

---

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Carlos Tijerina, Texas prisoner # 1349165, was convicted of nine felonies involving charges related to possession of a controlled substance, forgery, and fraudulent use of identification; he was sentenced to serve 60 years in prison. He is challenging his convictions in a § 2254 proceeding that has not yet been adjudicated by the district court. This appeal concerns the district court's denial of Tijerina's motions for judicial notice and for release, and we are also presented with Tijerina's motion requesting this court to take judicial notice under FED. R. EVID. 201. Tijerina's motion for judicial notice is DENIED.

Insofar as Tijerina seeks review of the district court's denial of his motion for judicial notice, we are without jurisdiction to entertain this claim because it does not arise from an appealable order. *See* 28 U.S.C. § 1291, § 1292(a),(b); FED. R. CIV. P. 54(b); *Dardar v. Lafourche Realty Co.*, 849 F.2d 955, 957 (5th Cir. 1988); *Save the Bay, Inc. v. United States Army*, 639 F.2d 1100, 1102 & n.3 (5th Cir. 1981). Consequently, Tijerina's appeal is DISMISSED FOR WANT OF JURISDICTION to the extent he challenges the district court's denial of his motion for judicial notice.

According to Tijerina, he should be released because his convictions are the result of a conspiracy by counsel and several state officials and because his incarceration is not lawful. These arguments do not suffice to show that the instant § 2254 proceedings involve extraordinary circumstances, nor has Tijerina shown that his § 2254 petition involves "substantial constitutional claims upon which he has a high probability of success." *See Calley v. Callaway*, 496 F.2d 701, 702 (5th Cir. 1974). We AFFIRM the district court's denial of Tijerina's motion seeking release.