# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 17, 2011

Lyle W. Cayce
Clerk

No. 09-30478
Summary Calendar

WILLIAM EDWARD STEWART,

                                   Petitioner-Appellant

v.

JOE KEFFER,

                                   Respondent-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:08-CV-909

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

In 1999, William Edward Stewart, federal prisoner # 83508-079, pleaded guilty to money laundering, in violation of 18 U.S.C. § 1956.[1]  In 2008, Stewart filed a petition under 28 U.S.C. § 2241 arguing that his money laundering conviction should be invalidated in light of the Supreme Court's then-recent decision in *United States v. Santos*, 553 U.S. 507 (2008).  Prior to service on the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Accordingly, the recent amendment to this statute defining "proceeds" to include "gross receipts of such activity" is not in contention.  18 U.S.C. 1956(c)(9)(2009).

No. 09-30478

defendant, the district court dismissed the § 2241 petition concluding that Stewart did not meet the requirements for proceeding under the savings clause of 28 U.S.C. § 2255 as set forth in *Reyes-Requena v. United States,* 243 F.3d 893, 904 (5th Cir. 2001). In reviewing the denial of habeas relief, the district court's findings of facts are reviewed for clear error and issues of law are reviewed de novo. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).

In this case, the district court limited the application of *Santos* to cases of illegal gambling. The district court did not have the benefit of this court's contrary reasoning in *Garland v. Roy*, 615 F.3d 391, 402-04 (5th Cir. 2010), when it reached this conclusion. Accordingly, the judgment of dismissal of Stewart's § 2241 petition is VACATED, and the matter is REMANDED to determine whether, consistent with *Garland*, his claim falls within the savings clause of § 2255.

Stewart's motion for release pending appeal is DENIED. *See Calley v. Callaway*, 496 F.2d 701, 702 (5th Cir. 1974).