**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 7, 2012

Lyle W. Cayce
Clerk

No. 12-20084
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GLADYS NELL BISHOP,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CV-2944
USDC No. 4:07-CR-92-1

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Gladys Nell Bishop, federal prisoner # 98868-179, moves for a certificate of appealability (COA) to challenge the denial on the merits of her 28 U.S.C. § 2255 motion. Bishop was convicted of three counts of making a false statement in a tax return in violation of 26 U.S.C. § 7206(1) and was sentenced to 36 months of imprisonment and one year of supervised release on each count to run concurrently. She contends that trial counsel was ineffective for either failing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-20084

to secure a plea agreement due to counsel's incorrect belief that the Government's plea offer had been withdrawn or for telling her that the plea offer had been withdrawn when it had not. She also contends that the district court abused its discretion by denying her claim without holding an evidentiary hearing.

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Bishop must show "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The denial of a request for an evidentiary hearing is reviewed for abuse of discretion. *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006). The district court should conduct an evidentiary hearing only if the defendant produces "independent indicia of the likely merit of [her] allegations." *Id.* "Once such independent evidence is presented, '[a] motion brought under . . . § 2255 can be denied without a hearing only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Cavitt*, 550 F.3d 430, 442 (5th Cir. 2008) (quoting *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992)); *see* § 2255(b).

To establish ineffective assistance of counsel, Bishop must show that counsel performed deficiently and that she was prejudiced by counsel's performance. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish deficient performance, Bishop must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. With respect to prejudice, Bishop must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694; *see also Missouri v. Frye*, 132 S. Ct. 1399, 1409 (2012); *Lafler v. Cooper*, 132 S. Ct. 1376, 1385 (2012).

The plea offer and trial counsel's and Bishop's affidavits, if credited, provide independent indicia of the likely merit of her claim of ineffective assistance: the Government made a plea offer that was acceptable to her and would have permitted her to plead guilty to lesser charges, she thought that she had accepted the offer, but the plea agreement was not finalized due to trial counsel's belief that the plea offer had been withdrawn. There is, however, insufficient information in the record regarding the circumstances that led trial counsel to believe that the plea offer had been withdrawn to determine whether counsel's performance fell below an objective standard of reasonableness. Because the record in this case does not show conclusively that Bishop is not entitled to any relief on her claim of ineffective assistance of trial counsel, the district court abused its discretion by denying Bishop's claim without holding an evidentiary hearing. *See* § 2255(b); *Cavitt*, 550 F.3d at 442; *Edwards*, 442 F.3d at 264.

Bishop also moves for release on bail. Release should be granted pending postconviction review "only when the petitioner has raised substantial constitutional claims upon which [s]he has a high probability of success, and also when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective." *Calley v. Callaway*, 496 F.2d 701, 702 (5th Cir. 1974).

Bishop cannot demonstrate that she has a high probability of success on her constitutional claim. We cannot assess the probability of success of her claim of ineffective assistance of counsel until the district court holds an evidentiary hearing on remand. Accordingly, we need not determine whether her deteriorating health constitutes an exceptional circumstance.

Bishop's motion for a COA is GRANTED, the judgment of the district court is VACATED, and the case is REMANDED for an evidentiary hearing. We offer no opinion on the merits of Bishop's claim. Bishop's bail motion is DENIED.