# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 24, 2013

Lyle W. Cayce
Clerk

No. 12-10815
Summary Calendar

PIERRE E. DAWSON,

Petitioner-Appellant

v.

RODNEY W. CHANDLER,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:11-CV-892

Before JOLLY, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Pierre Dawson, federal prisoner # 20863-424, was convicted in the Northern District of Illinois of conspiracy to possess with the intent to distribute cocaine and attempt to possess with the intent to distribute cocaine and was sentenced to concurrent 360-month terms of imprisonment. His motion under 28 U.S.C. § 2255 was unsuccessful.

Before the court is Dawson's appeal from the dismissal of his 28 U.S.C. § 2241 petition. In it, he argued that he was being held in violation of federal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

law and the constitution and that filing a motion under § 2255 was inadequate to test the legality of his detention.  The district court disagreed and dismissed his petition for lack of jurisdiction.

In his brief, Dawson argues that he has met the requirements to have his petition heard under § 2255's savings clause because this court's interpretation of 18 U.S.C. § 201 in *United States v. Wilson*, 453 F. App'x 498 (5th Cir. 2011), demonstrates his innocence, as his conviction was allegedly obtained with the aid of a paid Government witness.  He further argues that *Wilson* was decided as a "mini-en banc" case, a term he does not define, it is precedential and overrules previous case law, despite being unpublished.

In limited circumstances, a prisoner may invoke § 2241 to attack errors that occurred at trial or sentencing by establishing that his claim falls within § 2255's savings clause.  *Padilla v. United States*, 416 F.3d 424, 425-26 (5th Cir. 2005); *see* § 2255(e).  Specifically, a § 2241 applicant must show that the claim (1) "is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and (2) "was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

*Wilson* cannot form a basis for invoking the savings clause of § 2255. Dawson's appeal is without arguable merit and therefore frivolous.  *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983).  The Government has moved for a dismissal of Dawson's appeal as frivolous or, in the alternative, for an extension of time in which to file a brief.  The Government's motion to dismiss as frivolous is granted, Dawson's appeal is dismissed as frivolous, and the Government's alternative motion for an extension is denied.
*See* 5TH CIR. R. 42.2.

No. 12-10815

Additionally, Dawson has moved for bail pending his appeal. The motion for bail is denied. *See Calley v. Callaway*, 496 F.2d 701, 702 & n.1 (5th Cir. 1974).

We caution Dawson that future frivolous filings may result in the imposition of sanctions, including monetary sanctions and restrictions on his ability to file pleadings in this court or any court subject to this court's jurisdiction.

DISMISSED AS FRIVOLOUS; MOTION TO DISMISS AS FRIVOLOUS GRANTED; MOTION FOR EXTENSION DENIED; MOTION FOR BAIL DENIED; SANCTION WARNING ISSUED.