# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 12, 2013

Lyle W. Cayce
Clerk

No. 13-10456
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

DAVID CHARLES PFLUGER,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No: 1:13-CV-60
USDC No: 1:10-CR-54-1

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

David Charles Pfluger moves pursuant to Fifth Circuit Rule 9.2 for release from imprisonment pending resolution of his 28 U.S.C. § 2255 petition for habeas corpus relief. We DENY his motion.

## FACTS AND PROCEEDINGS

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-10456

Pfluger, formerly a lieutenant colonel in the Texas Army National Guard, was charged by indictment with conspiracy in violation of 18 U.S.C. § 371, two counts of accepting illegal gratuities as a public official in violation of 18 U.S.C. § 201(c)(1)(B), and conversion of property as an officer of the United States in violation of 18 U.S.C. § 654. These charges stemmed from a series of incidents that occurred while Pfluger was called to active duty and deployed in Iraq, serving at Forward Operating Base Ridgeway ("FOB Ridgeway") in Anbar Province. Pfluger was accused of having accepted money, jewelry, and other gifts from Iraqi nationals in return for performing various official acts, including helping them obtain lucrative contracts and issuing them weapons permits.

Pfluger moved to dismiss all the charges against him, alleging that they violated an applicable statute of limitations. The district court denied this motion. Pfluger then pled guilty to all four counts pursuant to a conditional plea agreement, reserving the right to appeal the district court's denial of his motion to dismiss and any offense-level increase imposed at sentencing on the basis of U.S.S.G. § 2C1.2(b)(3) ("If the offense involved . . . any public official in a high-level decision-making or sensitive position, increase by 4 levels."). He waived all other rights to appeal or to challenge his conviction or sentence in post-conviction proceedings, including those under § 2255. The district court accepted Pfluger's guilty plea and sentenced him to 18 months' imprisonment, a term of supervised release, and restitution. Pfluger appealed to this court, challenging the district court's denial of his motion to dismiss. We affirmed, and the Supreme Court declined to grant certiorari on Pfluger's petition. *United States v. Pfluger*, 685 F.3d 481, 481-82 (5th Cir. 2012), *cert. denied*, 133 S. Ct. 1279 (2013).

Pfluger retained new counsel and filed a § 2255 petition for post-conviction relief, alleging ineffective assistance of counsel. He then moved for a stay of the district court's order that he report to the Bureau of Prisons for imprisonment.

No. 13-10456

The district court denied his motion, and Pfluger began serving his sentence. Pfluger then moved for bail pending resolution of his § 2255 petition. The district court denied this motion, and Pfluger now moves this court pursuant to Fifth Circuit Rule 9.2 for release pending appeal from a judgment of conviction.

## DISCUSSION

Bail is warranted "pending postconviction habeas corpus review only when the petitioner has raised substantial constitutional claims upon which he has a high probability of success, and also when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective." *Calley v. Callaway*, 496 F.2d 701, 702 (5th Cir. 1974) (per curiam).[1] The district court has yet to determine whether to hold an evidentiary hearing into Pfluger's habeas claims, and as a result we decline to address whether Pfluger has demonstrated a high probability of success on his ineffective assistance of counsel claims. *See United States v. Bishop*, No. 12-20084, 2012 WL 3205453, at *2 (5th Cir. Aug. 7, 2012) ("We cannot assess the probability of success of her claim of ineffective assistance of counsel until the district court holds an evidentiary hearing."). Regardless, Pfluger has failed to show the requisite extraordinary or exceptional circumstances to warrant post-conviction bail. *Cf. Johnston v. Marsh*, 227 F.2d 528, 530 (3d Cir. 1955) (declining to revoke bail ordered by a district court to a petitioner with a chronic condition who was

---

[1] *Calley* involved a habeas petitioner whose underlying conviction was in the military court system. *See Calley*, 496 F.3d at 701. However, we drew the legal standard in *Calley* from the Supreme Court's denial of an application for bail in *Aronson v. May*, which involved a civilian challenging his convictions in federal district court. *See Aronson v. May*, 85 S. Ct. 3 (1964).

Pfluger challenges the applicability of the *Calley* standard as it predated Federal Rule of Appellate Procedure 23. Rule 23 governs the transfer of custody pending review of a decision in a habeas action and detention or release of a prisoner pending review of such a decision. FED. R. APP. P. 23(a), (b), (c). It does not apply where, as here, a prisoner requests release prior to a decision in his habeas action. Pfluger's argument is therefore unavailing.

No. 13-10456

"rapidly progressing toward total blindness" as a result of conditions of his confinement).

## CONCLUSION

For the foregoing reasons, Pfluger's motion for release is DENIED.