# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-20485
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 30, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAMES RAMEY, also known as James Maceo Ramey, also known as James Maceo Ramey, II, also known as Jim Ramey, also known as Henry Ramey, also known as John Shuler, also known as Joe Hill, also known as Frank Bartuka,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CV-1928

Before JONES, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

James Ramey, federal prisoner # 29206-179, has filed a motion for leave to proceed in forma pauperis (IFP) on appeal. To obtain leave to proceed IFP on appeal, Ramey must demonstrate financial eligibility and a nonfrivolous issue for appeal. *See* FED. R. APP. P. 24(a); 28 U.S.C. § 1915(a)(1); *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-20485

In this case, Ramey seeks to appeal the district court's denial of his motion for release pending collateral review and his motion for reconsideration of that order. Ramey argues in his IFP motion that his health is poor, his son has been diagnosed with advanced cancer, and his wife is also in poor health and is having difficulty taking care of their son.

A review of the record and Ramey's pleadings shows that he has not established his financial eligibility for IFP status. *See Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). Further, Ramey has not shown that he will raise a nonfrivolous issue on appeal. Release should be granted to an offender pending collateral review "only when the petitioner has raised substantial constitutional claims upon which he has a high probability of success, and also when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective." *Calley v. Callaway*, 496 F.2d 701, 702 (5th Cir. 1974). In view of the district court's denial of his 28 U.S.C. § 2255 motion and this court's denial of his motion for a certificate of appealability, Ramey has not shown that he "has raised substantial constitutional claims upon which he has a high probability of success." *See id.* Ramey also has not shown the existence of any "extraordinary or exceptional circumstances" necessitating his release to make the postconviction remedy effective. *See id.* at 702-03 & n.1.

Because Ramey has not demonstrated that he is financially eligible to proceed IFP on appeal or that he will raise a nonfrivolous issue on appeal, his motion for leave to proceed IFP on appeal is DENIED. His motion to amend is also DENIED. Ramey's appeal is DISMISSED as frivolous. *See* 5TH CIR. R. 42.2.