# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-20358

United States Court of Appeals
Fifth Circuit

**FILED**

January 10, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WILLIAM SOLOMON LEWIS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CV-335

Before, SMITH, CLEMENT, and HAYNES, Circuit Judges.

PER CURIAM:[*]

William Solomon Lewis, federal prisoner # 73998-279, has filed a motion for leave to proceed in forma pauperis (IFP) on appeal. To obtain leave to proceed IFP on appeal, Lewis must demonstrate financial eligibility and a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

nonfrivolous issue for appeal. *See* FED. R. APP. P. 24(a); 28 U.S.C. § 1915(a)(1); *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982).

In this case, Lewis seeks to appeal the district court's denial of his motion for release pending collateral review. Lewis argues in his IFP motion that he was deprived of counsel at his sentencing hearing without receiving the necessary warnings about proceeding pro se. He contends that in light of this constitutional error, he is entitled to a new sentencing hearing under the current version of the Sentencing Guidelines, which will likely result in a guidelines sentencing range lower than the prison term he has already served. Although the district court stated at the original sentencing hearing that it would have sentenced Lewis to the same 110-month sentence, even if it had erred in the guidelines calculations, based on Lewis's criminal history and lack of respect for the law, Lewis asserts that these statements are insufficient to justify a sentencing above what he believes will be the newly applicable guidelines range.

A review of the record and Lewis's pleadings shows that he has established his financial eligibility for IFP status. *See Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). However, Lewis has not shown that he will raise a nonfrivolous issue on appeal. Release should be granted to an offender pending collateral review "only when the [applicant] has raised substantial constitutional claims upon which he has a high probability of success, and also when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective." *Calley v. Callaway*, 496 F.2d 701, 702 (5th Cir. 1974). Regardless of the merits of Lewis's claims, on which the district court has not yet ruled, Lewis has failed to show the existence of any "extraordinary or exceptional circumstances" necessitating his release on bond to make the postconviction remedy effective.

No. 17-20358

Because Lewis has not demonstrated that he will raise a nonfrivolous issue on appeal, his motion for leave to proceed IFP on appeal is DENIED. His motion for bail and motion to expedite the bail motion are also DENIED. Lewis's appeal is DISMISSED as frivolous. *See* 5TH CIR. R. 42.2.