# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-30208
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 24, 2018

Lyle W. Cayce
Clerk

LABARRIE DEKEDRIC WATSON,

Petitioner-Appellant

v.

JERRY GOODWIN, Warden, David Wade Correctional Center,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:15-CV-2060

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Labarrie Dekedric Watson, Louisiana prisoner # 436988, is appealing the district court's denial of his motion for bail pending review by the district court of his 28 U.S.C. § 2254 habeas proceeding. Watson's motion for a certificate of appealability is unnecessary because there has not been a final order in his habeas case by the district court. *See* 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180, 183 (2009).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30208

In order to obtain bail pending review of a habeas petition, Watson must show that he is raising substantial constitutional claims that have a high probability of success, and also that "extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective." *Calley v. Callaway*, 496 F.2d 701, 702 (5th Cir. 1974).

Watson argues in his brief that his counsel was ineffective in failing to respond to errors during his trial and that there is a high probability that he will succeed on his ineffective assistance of counsel claims.  Watson provides no explanation regarding the specific errors made by counsel or how the alleged errors affected the outcome of his case.  Nor does he provide any citations to the relevant parts of the record that supported his claims.  Watson has abandoned on appeal his claim that he is raising substantial constitutional claims of ineffective assistance of counsel that have a high probability of success.  *See Grant v. Cuellar*, 59 F.3d 523, 524–25 (5th Cir. 1995); *Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993); FED. R. APP. P. 28.  Watson's claims of ineffective assistance of counsel first made in his reply brief will not be considered.  *See United States v. Jimenez,* 509 F.3d 682, 693 n.10 (5th Cir. 2007).    Because Watson fails to show that he is raising substantial constitutional claims of ineffective assistance of counsel, the court need not consider whether Watson has demonstrated extraordinary or exceptional circumstances that warrant the grant of bail.  *See Calley,* 496 F.2d at 702.

The district court's denial of Watson's motion for bail is AFFIRMED. Watson's motion to file a supplemental attachment to his brief is DENIED.