# United States Court of Appeals for the Fifth Circuit

———————

No. 23-10473
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

July 5, 2023

Lyle W. Cayce
Clerk

Mark DeWayne Hallcy,

*Petitioner—Appellant*,

*versus*

Bobby Lumpkin, *Director, Texas Department of Criminal Justice, Correctional Institutions Division*,

*Respondent—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:23-CV-42

———————————————————————

Before Jolly, Jones, and Ho, *Circuit Judges*.

Per Curiam:[*]

Mark DeWayne Hallcy, Texas prisoner # 2149848, has filed this interlocutory appeal from the district court's denial of his motions for appointment of counsel, expansion of the record, and release on bail pending the disposition of his 28 U.S.C. § 2254 petition. We construe Hallcy's notice

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-10473

of appeal as a motion seeking release on bail pending the conclusion of this appeal.

As an initial matter, because the district court's order denying the motions for appointment of counsel and for expansion of the record was neither a final order nor an appealable interlocutory or collateral order, we lack jurisdiction to consider Hallcy's appeal from the denial of those motions. *See Brinar v. Williamson*, 245 F.3d 515, 517 (5th Cir. 2001); *Thomas v. Scott*, 47 F.3d 713, 715-16 (5th Cir. 1995). However, we exercise jurisdiction over the instant appeal from the denial of Hallcy's motion for release pending review of his habeas petition. *See Calley v. Callaway*, 496 F.2d 701, 702 (5th Cir. 1974).

To obtain release on bail pending review of a habeas petition, or pending an appeal in a § 2254 case, the petitioner must (1) raise a substantial constitutional claim with a high probability of success and (2) demonstrate that "extraordinary or exceptional circumstances" exist that require his release from prison "to make the habeas remedy effective." *Id.* Hallcy claims violations of the Ex Post Facto and Due Process clauses, essentially arguing that he has a constitutional right to have his earned good-time credits applied to his eight-year sentence, which would result in his immediate release.

Because the grant of parole is discretionary, we have repeatedly held that Texas law does not create a liberty interest in parole that is protected by the Due Process Clause. *See Teague v. Quarterman*, 482 F.3d 769, 774 (5th Cir. 2007). Further, to the extent Hallcy challenges any good-time credits that were forfeited, "there is no protected liberty interest in the restoration of good time credits." *Hallmark v. Johnson*, 118 F.3d 1073, 1079-80 (5th Cir. 1997). To the extent Hallcy claims he should have been released on mandatory supervision, his arguments do not implicate due process concerns

No. 23-10473

because Texas law provides that mandatory supervision is unavailable to offenders who were convicted of aggravated assault with a deadly weapon. *See Teague*, 482 F.3d at 777; TEX. PENAL CODE § 22.02(a)(2), (b) (2009); TEX. GOV'T CODE § 508.149(a)(7) (2017).

Further, retroactive changes in parole laws may violate the Ex Post Facto Clause, *see Garner v. Jones*, 529 U.S. 244, 249-50 (2000), but "speculative, attenuated and conjectural effects are insufficient" to demonstrate an ex post facto violation, *Hallmark*, 118 F.3d at 1078 (internal quotation marks and citation omitted). Hallcy has not shown that there has been any change in state law since the time of his conviction that is being applied retroactively and, thus, has not shown an ex post facto violation. *See Garner*, 529 U.S. at 249-50. To the extent that Hallcy argues that the denial of his state habeas application without a hearing or written reasons constitutes a substantial constitution claim, a challenge to infirmities in a state habeas proceeding is not cognizable on federal habeas review. *Rudd v. Johnson*, 256 F.3d 317, 320 (5th Cir. 2001).

Because the district court did not base its decision on an error of law or an erroneous assessment of the evidence, it did not abuse its discretion by denying Hallcy's motion for release on bail pending disposition of his habeas petition. *See United States v. Olis*, 450 F.3d 583, 585 (5th Cir. 2006); *United States v. Castillo*, 430 F.3d 230, 238 (5th Cir. 2005). Further, to the extent that Hallcy requests release on bail while this appeal is pending, he has also failed to make the requisite showing. *See Calley*, 496 F.2d at 702.

Given the foregoing, the judgment of the district court is AFFIRMED in part, the appeal is DISMISSED in part for lack of jurisdiction, and Hallcy's motion for release on bail pending appeal is DENIED.