# United States Court of Appeals for the Fifth Circuit

———————

No. 25-20042
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

July 7, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Marc Anthony Hill,

*Defendant—Appellant*

AND

———————

No. 25-20053

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

Marc Anthony Hill,

*Defendant—Appellant*

———————————————————

Appeals from the United States District Court

No. 25-20042
and No. 25-20053

for the Southern District of Texas
USDC No. 4:17-CR-7-1

_____

Before STEWART, WILLETT, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Marc Anthony Hill, proceeding pro se, moves for leave to proceed in forma pauperis (IFP) in these two appeals from the district court's purported denial of his 28 U.S.C. § 2255 motion and related motion to take judicial notice, as well as the denials of his Federal Rule of Civil Procedure 60(d)(3) motion and his motion for bail pending resolution of his habeas claims. These appeals present the same issues and arise from the same case, no. 4:17-CR-7-1, in which a jury convicted Hill of Hobbs Act robbery, use and discharge of a firearm during and in relation to a crime of violence, causing the death of a person, and attempted Hobbs Act robbery, and the district court imposed a sentence of 240 months plus life in prison. Accordingly, the appeals in No. 25-20042 and No. 25-20053 are CONSOLIDATED.

To proceed IFP, Hill must demonstrate financial eligibility and the existence of a nonfrivolous issue for appeal. *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). A nonfrivolous issue "involves legal points arguable on their merits." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted). If Hill fails to show that his appeal will involve a nonfrivolous issue, we may deny the IFP motion and sua sponte dismiss the appeal as frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 n.24 (5th Cir. 1997); 5TH CIR. R. 42.2.

To the extent that Hill challenges his judgment of conviction, his criminal judgment is not covered by his notices of appeal and, thus, is not properly before us. *See Manrique v. United States*, 581 U.S. 116, 120 (2017)

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-20042
and No. 25-20053

(explaining that, "[t]o secure appellate review of a judgment or order, a party must file a notice of appeal from that judgment or order"); Fed. R. App. P. 3(c)(1)(B) (noting that the notice of appeal must designate the judgment or order from which the appeal is taken). Moreover, we "have jurisdiction of appeals from all final decisions of the district courts of the United States." 28 U.S.C. § 1291. Because Hill's § 2255 motion and his motion to take judicial notice are still pending in the district court, no final decisions have been entered, and there are no judgments from which to appeal. Therefore, we lack jurisdiction to consider any claims relating to these two motions. *See* 28 U.S.C. § 1291; *cf. Young v. Equifax Credit Info. Servs.*, 294 F.3d 631, 634 n.2 (5th Cir. 2002). They are DISMISSED for lack of jurisdiction.

Regarding his Rule 60(d)(3) motion, which Hill filed following affirmance of his amended judgment of conviction, Hill argues that the Government committed fraud on the court when it presented a fabricated second superseding indictment. Rule 60(d)(3) is a civil rule; it is not a vehicle for directly attacking a criminal judgment. *See* Fed. R. Civ. P. 1 ("These rules govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81."); *see also* Fed. R. Civ. P. 81 (providing no reference to criminal proceedings except § 2255 proceedings). The Federal Rules of Criminal Procedure govern criminal proceedings and judgments. *See* Fed. R. Crim. P. 1(a)(1) ("These rules govern the procedure in all criminal proceedings . . . ."). To the extent that Hill sought to use Rule 60(d)(3) as a vehicle for directly attacking his amended criminal judgment, the rule did not provide a basis for such relief, and Hill's motion was meaningless and unauthorized. *See United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994).

Regarding Hill's bail motion, there are two requirements for release pending habeas review: the applicant must raise a substantial constitutional claim with a high probability of success, and "extraordinary or exceptional

circumstances" must exist that require his release from prison "to make the habeas remedy effective." *Calley v. Callaway*, 496 F.2d 701, 702 (5th Cir. 1974) (per curiam); *see also Watson v. Goodwin*, 709 F. App'x 311, 312 (5th Cir. 2018) (applying *Calley* to a 28 U.S.C. § 2254 application). Regardless of the merits of his constitutional claims—upon which the district court has not yet ruled—Hill is not entitled to release because he fails to demonstrate the existence of exceptional circumstances. *See Calley*, 496 F.2d at 702 n.1. Although he argues that he is actually innocent, he does not make the required showing of factual innocence, *see Bousley v. United States*, 523 U.S. 614, 623 (1998). Even if he had done so, actual innocence does not rise to the level of an extraordinary circumstances for purposes of a bail motion. *See Calley*, 496 F.2d at 702-03 n.1.

Hill's challenges to the denials of his motion for bail and his Rule 60(d)(3) motion do not involve legal points arguable on their merits and are frivolous. *See Howard*, 707 F.2d at 220. Accordingly, the motion to proceed IFP is DENIED. Further, as to these motions, the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.