# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 4, 2020

Lyle W. Cayce
Clerk

No. 19-10369
Summary Calendar

DRAKE JORDAN FINCH,

*Petitioner—Appellant*,

*versus*

BOBBY LUMPKIN, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

*Respondent—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:18-CV-35

Before HIGGINBOTHAM, JONES, and COSTA, *Circuit Judges*.

PER CURIAM:[*]

Drake Jordan Finch, Texas prisoner # 01985702, appeals the district court's denial of his motion for release on bond pending resolution of his 28 U.S.C. § 2254 application. Finch argues that he has suffered a serious

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

deterioration of his mental health because he is incarcerated.  He also asserts that appellate counsel was ineffective for failing to challenge the lack of probable cause and the sufficiency of the evidence, that the prosecution altered records to show that the victim suffered from a new injury when he had an old injury, that the prosecution violated Texas procedural rules by accusing the victim of lying at trial, and that he had no blood stains on himself or any signs that he had used force.

The respondent asserts that we may lack jurisdiction over this interlocutory appeal but acknowledges that we have exercised jurisdiction over appeals from the denial of motions for release on bond in habeas proceedings.  *See Calley v. Callaway*, 496 F.2d at 702; *see also Watson v. Goodwin*, 709 F. App'x 311, 312 (5th Cir. 2018) (applying *Calley* to a § 2254 application).  Accordingly, we exercise jurisdiction over the instant appeal.

A prisoner may establish conditions for release on bond pending federal habeas review if he raises "substantial constitutional claims upon which he has a high probability of success" and shows that "extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective." *Calley*, 496 F.2d at 702.  Finch fails to make such a showing. *See Calley*, 496 F.2d at 702.  Accordingly, the district court's order is AFFIRMED.